UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | NO. EP-13-CR-00286-KC |
| | § | |
| DURWOOD SPENCER | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On May, 20, 2013, Defendant, Durwood Spencer ("Defendant") pleaded guilty, pursuant to a plea agreement, to a two count information charging him with a violation of Health Care Fraud, 18 U.S.C. § 1347 and Money Laundering, 18 U.S.C. § 1957. As a part of the plea agreement, Defendant agreed to pay full restitution to the victims of his criminal activity pursuant to 18 U.S.C. § 3663, including those amounts identified outside the Information as determined by the United States Probation Office or the Court.

The Probation department prepared an initial presentence investigation report ("PSR") and disclosed to the parties on November 6, 2013. ECF No. 25. In the PSR, the probation officer asserted that the Texas Medicaid Program, which is administered by the Texas Health and Human Services Commission, sustained a total loss of $739,079.90. Through documentation later provided to the Court, it was determined that this amount of loss was calculated by using a statistical variable sampling method which is explained in more detail below.

The PSR also revealed that several of the Defendant's patients suffered irreparable physical damage to their teeth. Forty-three of Defendant's patients were identified as victims. Victim Impact Statements were mailed by probation to these identifiable individuals on August

1

28, 2013. However, it is this Court's understanding that, to date, no responses have been received.

Subsequent to the disclosure of the PSR, Defendant requested the Court appoint an Expert Forensic Accountant.  ECF No. 29  The Court granted the Motion and Defendant retained the firm of McHard Accounting Consulting LLC ("McHard") to assist in the determination of the amount of restitution.

At the final sentencing held on January 2, 2014, after reviewing the report of the probation officer and listening to the concerns of counsel, the Court required each party to submit additional documentation to assist the Court in determining the restitution amount.  The Court took the issue of restitution under advisement, and,. pursuant to 18 U.S.C. § 3664(d)(5), set the matter for hearing.

At the March 31, 2014, hearing, the Government took the position that the amount of restitution was correctly calculated through the use of "stratified mean estimation."   Using a total population of 503 patient records, this method devised a formula made up of the smallest and largest amounts paid by Medicaid combined with a sampling size of 60 to determine a projected overpayment of $739,079.90.  Thus, at the restitution hearing, the Government claimed the total amount of restitution being sought should be the calculated amount of $739,079.90.

Defendant, for his part, provided this Court with a spreadsheet prepared by his forensic accountant, McHard. In order to conduct the analysis and prepare the spreadsheet, McHard explained in its documentation provided to the Court that it had relied on documents given to it by the Government. McHard's backup documentation to the spreadsheet indicates that the data provided and used for Defendant's spreadsheet is a compilation of the entire list of fraudulent claims which were filed by Defendant and for which Defendant was charged.

In its analysis, McHard explains that using the claim numbers provided, McHard traced each individual claim from its original filing and payment. The total amount of the claims set forth in the spreadsheet is $294,891.88. McHard goes on to explain and render the opinion that its test work shows unequivocally that Texas Medicaid recovered all of the funds from Defendant for the claims in the spreadsheet. McHard further explains that these "recoupments" were taken from revenue due to Defendant for "other services" he provided and reduced payment to him from Texas Medicaid by the amount recouped.

At the hearing, the Court sought to clarify the meaning of "recoupment" and verify that this recoupment was taken from revenue due to Defendant from "other services." Both the government and Defendant, through McHard, represented to the Court that "recoupment" is a method for Texas Medicaid to recover amounts owed to it by dentists and other medical providers, and, that it is, in fact, a common method used by many insurance companies to recover overpayments.

The Court then heard testimony from the government's witness, Melanie Kelly, who explained how the recoupment, as it is reflected in the Medicaid-Star Combined Remittance and Status ("R&S") reports, was calculated. Through her testimony, Ms. Kelly explained to the

Court the method used by Texas Medicaid to audit payments made to its dentists and other medical providers and the method used to recoup any overpayments.

After reviewing the record and hearing all of the evidence and argument of counsel, the Court makes the following findings regarding the amount of restitution owed in this case.

The Court finds that the statistical variable sampling method or "stratified mean estimation" used by the government is not a correct method to determine the amount of restitution in this matter.

The Court finds that the amount of restitution owed by Defendant to Texas Health and Human Services Commission -- Office of the Inspector General is $294,891.88.  This is the amount that has been substantiated by McHard as actual fraudulent payments made to Defendant, and has been testified to by the Government witness, has never been repaid.

**IT IS THEREFORE ORDERED** that Defendant, Durwood Spencer, pay restitution in the sum of $294,891.88, payable immediately.  Any remaining balance shall be payable during incarceration. Any unpaid balance at the commencement of the Supervised Release term shall be paid in monthly installments as a condition of Supervised Release.  Defendant's obligation to pay this debt will terminate when Texas Health and Human Services Commission -- Office of the Inspector General, has received full restitution for costs ordered in this case.

**IT IS FURTHER ORDERED** that Defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless Defendant is in compliance with the payment schedule.

**IT IS FURTHER ORDERED** that Defendant provide the probation officer access to any requested financial information.

**IT IS FURTHER ORDERED** that all payments be made through the Clerk of United States District Court for the Western District of Texas and, thereafter, remitted to:

HHSC-OIG
Attn: Sanctions Collections
P.O. Box 85200
Mail Code: 1358
Austin, TX 78708-5200

Physical Address:
HHSC-OIG
Attn: Sanctions Collections
11101 Metric Blvd., Bldg. I
Austin, TX 78758

**SO ORDERED.**

SIGNED this 2nd day of April, 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE